*a&&*

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4818 | **DATE** | 7-15-13 |
| **CASE TITLE** | Donte Kenney (#2013-0414087) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [#3] is granted and the initial partial filing fee shall be made in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to collect monthly payments from Plaintiff's trust fund account in accordance with this order. However, summonses shall not issue at this time. Defendants Dart and the Cook County Jail are dismissed as Defendants. Plaintiff is ordered to show cause as to why his complaint should not be dismissed for failure to exhaust administrative remedies prior to filing suit. *See* 42 U.S.C. § 1997e(a). The Clerk is directed to forward to Plaintiff a copy of this order. Failure of Plaintiff to comply with these directives within thirty days will result in summary dismissal of this case.

■ **[For further details see text below.]**                                        Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee in custody at the Cook County Jail, Chicago, Illinois, has submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges that Defendant Cook County Sheriff Tom Dart, Superintendent Reyes, and Correctional Sergeant Doody were deliberately indifferent to his serious medical condition due to the injuries he suffered as a result of a gunshot wound he suffered prior to his incarceration on April 13, 2013. Plaintiff alleges that although doctors ordered him to be provided an extra mattress and a special chair, due to his injuries, correctional staff, including superintendent Reyes and Correctional Sergeant Doody refused to provide them. Plaintiff pleads that he received medical attention since the injury, but requires additional care. He seems to name Defendant Dart as a Defendant solely in his capacity as a jail administrator.

Plaintiff's motion to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $22.67. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, Plaintiff makes no claim against Defendant Dart indicating that he was personally involved in the alleged constitutional deprivation, as he must. *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir.

**(CONTINUED)**

| | AWL |
|---|---|

2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Accordingly, Defendant Dart is dismissed as a Defendant.

Additionally, with respect to Defendant Cook County Jail, county agencies and departments are not proper suable entities in § 1983 litigation. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). As such, the Cook County Jail is dismissed as a Defendant.

Further, Plaintiff must show cause as to why his complaint should not be dismissed for failure to exhaust administrative remedies prior to filing suit. Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the Court is directed to dismiss a suit brought with respect to prison conditions if the Court determines that Plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, it appears on the face of the complaint the Plaintiff could not have exhausted his administrative remedies prior to filing suit. Plaintiff affirmatively pleads that the actions and inactions underlying his complaint began on April 13, 2013, and continue at present. While Plaintiff pleads that he lodged a complaint with Superintendent Reyes, he never mentions availing himself of the grievance process available at the Jail. Plaintiff signed his complaint on June 17, 2013. It seems clear from the face of Plaintiff's complaint that he can not have exhausted the administrative remedies available to him at the Cook County Jail prior to filing suit on July 3, 2013.

However, the Court will provide Plaintiff an opportunity to establish exhaustion, before dismissing this suit. Plaintiff is ordered to show cause in writing, within thirty days of the date of this order, why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing suit. Failure to adequately establish exhaustion will result in this case being dismissed without prejudice to Plaintiff filing a new complaint, once he has exhausted.

In sum, if after considering the provisions of the Prison Litigation Reform Act Plaintiff wishes to proceed with this suit he must, within thirty days of the date of this order, show cause, in writing as to why this case should not be dismissed for failure to exhaust administrative remedies prior to filing suit. As with every document filed with the Court, Plaintiff must provide both the original and a judge's copy; he must also include a sufficient number of carbon copies or photocopies of the amended complaint for service on each named Defendant. If Plaintiff fails to comply with the above directives within thirty days, the Court will dismiss the case, on the understanding that Plaintiff does not wish to pursue this lawsuit.